UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: _____

*Electronically Filed*

MICHAEL HALL and GENA HALL,                                    PLAINTIFFS
RUSSELL ALEXANDER and KIM ALEXANDER

VS.                                    **COMPLAINT**

BOMBARDIER RECREATIONAL PRODUCTS, INC.
d/b/a EVINRUDE OUTBOARD MOTORS                                    DEFENDANT

* * * * *

COME the plaintiffs, Michael Hall, Gena Hall, Russell Alexander and Kim Alexander, by counsel, and for their complaint against the defendant, Bombardier Recreational Products, Inc., d/b/a Evinrude Outboard Motors, state as follows:

**Jurisdiction and Venue**

1.      Plaintiffs, Michael Hall, Gena Hall, husband and wife, and Russell Alexander and Kimberly Alexander, husband and wife, are citizens of the Commonwealth of Kentucky.

2.      Defendant, Bombardier Recreational Products, Inc., d/b/a Evinrude Outboard Motors, is a foreign corporation, incorporated under the laws of Canada, having its principal place of business in a State other than the Commonwealth of Kentucky, to-wit:   726 Saint-Joseph Street, Valcourt, Quebec JOE 2LO.

3.      The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand ($75,000) Dollars, and this Court has jurisdiction founded on diversity of citizenship and amount pursuant to Title 28 *U.S.C.* §1332.

4.      Plaintiffs' causes of action arise from a boating incident in Estill County, Kentucky, which is in the Lexington Division of the United States District Court for the Eastern District of Kentucky.

**Causes of Action**

5.      Bombardier Recreational Products, Inc. [hereinafter "Bombardier"] d/b/a Evinrude Outboard Motors is engaged in the business of designing, manufacturing and marketing marine products, including outboard motor systems.

6.      Bombardier Recreational Products, Inc. is the successor in interest of Outboard Motors Corporation, and legally liable for injury resulting from the design, manufacture and marketing of Evinrude outboard motors which were designed, manufactured or marketed before Bombardier acquired Outboard Motors Corporation in 2001.

7.      On September 12, 2009, Michael Hall was operating his 1998 Triton TR-18 bass boat,  vehicle identification number TJZ85195G798, equipped with a 150 hp Evinrude motor, model number E150GLECD, serial number G O4355645, on the Kentucky River in Estill County, Kentucky, with Russell Alexander as his passenger, when the steering malfunctioned without warning, causing the boat to run aground.

8.      The outboard motor mentioned in numbered paragraph 7 above was designed, manufactured and/or marketed by Bombardier's predecessor in interest, Outboard Motors Corporation .

9.      At the time of the accident mentioned in numbered paragraph 7 above, Michael Hall's boat, including the outboard motor, was being used for its intended and/or foreseeable purpose.

10.      Immediately before the steering malfunctioned as mentioned in numbered paragraph 7 above, the outboard motor was in a condition substantially unchanged from the time of its manufacture and assembly.

11.      The steering, and potentially the outboard motor, was defectively designed, manufactured, tested and/or marketed.

2

12.     The design and/or manufacture of the steering, and potentially the outboard motor, created such a risk of injury that a reasonably prudent designer, manufacturer and/or marketer of outboard motors, being fully aware of the risks, would not have placed it on the market as Bombardier did.

**Damages**

<u>Injuries and Damages to Michael and Gena Hall</u>

13.     As a result of the omissions and commissions of Bombardier, as mentioned in numbered paragraphs 11 and 12 above, and the boat running aground, Michael Hall sustained serious injuries.

14.     As a result of his injuries, as mentioned in numbered paragraph 13 above, Michael Hall has incurred reasonable and necessary medical expenses in excess of $300,000.00.

15.     As a result of his injuries, Michael Hall will incur future necessary medical expenses in the future.

16.     As a result of his injuries, Michael Hall has lost time from work.

17.     As a result of his injuries, which injuries are permanent, Michael Hall's power to earn money is permanently impaired.

18.     As a result of his injuries, Michael Hall has suffered physical pain and mental anguish, including the loss of enjoyment of life.

19.     As a result of his injuries, Michael Hall will in the future suffer physical pain and mental anguish, including the loss of enjoyment of life, and the increased likelihood of future harmful medical complications.

20.     As a result of the injuries to Michael Hall, his wife, Gena Hall, has suffered the loss of her husband's aid, assistance, services, society, companionship and conjugal relations.

<u>Injuries and Damages to Russell and Kim Alexander</u>

21.     As a result of the omissions and commissions of Bombardier, as mentioned in numbered paragraphs 11 and 12 above, and the boat running aground, Russell Alexander sustained serious injuries.

22.     As a result of his injuries, as mentioned in numbered paragraph 21 above, Russell Alexander has incurred reasonable and necessary medical expenses in excess of $100,000.00.

22.     As a result of his injuries, Russell Alexander will incur necessary medical expenses in the future.

23.     As a result of his injuries, Russell Alexander has lost time from work.

24.     As a result of his injuries, which injuries are permanent, Russell Alexander's power to earn money is permanently impaired.

25.     As a result of his injuries, Russell Alexander has suffered physical pain and mental anguish, including the loss of enjoyment of life.

26.     As a result of his injuries, Russell Alexander will in the future suffer physical pain and mental anguish, including the loss of enjoyment of life, and the increased likelihood of future harmful medical complications.

27.     As a result of the injuries to Russell Alexander, his wife, Kim Alexander, has suffered the loss of her husband's aid, assistance, services, society, companionship and conjugal relations.

WHEREFORE, plaintiffs, Michael Hall, Gena Hall, Russell Alexander and Kim Alexander, demand the following:

A.     Judgment against the Defendant, Bombardier Recreational Products, Inc. d/b/a Evinrude Outboard Motors, for compensatory damages in an amount in excess of the minimum amount necessary to establish jurisdiction in this Court;

B.     Prejudgment and post-judgment interest;

C.  Their costs herein expended; and,

D.  Any and all other relief to which they may appear entitled.


Plaintiffs further demand trial by jury.

          Respectfully submitted,

          /s/Richard Hay
          Richard Hay
          Sarah Hay Knight
          LAW OFFICE OF RICHARD HAY
          203 W. Columbia Street
          P.O. Box 1124
          Somerset, KY 42502-1124
          Telephone: 606-679-2214
          E-mail: Richard@rhaylaw.com
          E-mail: Sarah@rhaylaw.com

          and

          Rodney G. Davis
          Davis Law, P.S.C.
          226 N. Second Street
          Richmond, KY 40476-1060
          Telephone: 859-624-3380
          E-mail: rgd@davislawky.com

          CO-COUNSEL FOR PLAINTIFFS